UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES A JENKINS,

    Plaintiff,

    v.

HUMBOLDT COUNTY, et al.,

    Defendants.
_____/

No. C 09-5899 PJH

**ORDER VACATING JUDGMENT AND GRANTING LEAVE TO AMEND COMPLAINT**

    Plaintiff James A. Jenkins filed the above-entitled action on December 16, 2009, and also filed an application to proceed in forma pauperis ("IFP").

    The complaint alleges claims of constitutional violations under 42 U.S.C. § 1983, all based on events that occurred during the period between July 21, 2006, and November 24, 2007, while plaintiff was in custody at the Humboldt County Correctional Facility ("HCCF"), serving a sentence for possession of a controlled substance and possession of drug paraphernalia. The defendants are Humboldt County, the Sheriff of Humboldt County, two sheriff's officers at the HCCF, seven correctional officers at the HCCF, and five medical personnel at the HCCF.

    On December 23, 2009, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. The dismissal was without leave to amend, as the court found that all the claims alleged in the complaint were time-barred. The court also entered judgment on December 23, 2009.

    On January 11, 2009, the court received a letter from plaintiff, stating that he had mailed the complaint to the court on November 20, 2009, and that it had arrived on November 24, 2009. He attached a copy of a receipt for express mail, addressed to the

Clerk's Office, 450 Golden Gate Avenue, 16th Floor, San Francisco; and a signed "return receipt" showing delivery at the court on November 24, 2009. In the letter, plaintiff asserts that the complaint should have been filed on November 24, 2009, the date it was received at the clerk's office, and that the dismissal was in error.

The court interprets this request as a motion to set aside the judgment, pursuant to Federal Rule of Civil Procedure 60(a). Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omissions whenever one is found in a judgment, order, or other part of the record." The motion is GRANTED. The court will treat the complaint as having been filed on November 24, 2009.

In the complaint, plaintiff alleges six causes of action under § 1983 – a claim of violation of First Amendment rights (apparently based on alleged denial of access to legal materials required to prepare numerous habeas petitions), against all defendants; a claim of violation of Fourth Amendment rights, against all defendants; a claim of violation of Eighth Amendment rights, against all defendants; a claim of violation of Fourteenth Amendment rights (apparently a substantive due process claim), against all defendants; a claim of municipal liability, against Humboldt County; and a claim of "supervisorial liability for violation of plaintiff's constitutional rights," against Humboldt County and various individuals at HCCF.

The facts alleged in the complaint primarily relate to assertions of substandard medical care – failure to provide adequate dental care (repair of missing filling in October 2006, and repair of broken tooth resulting from altercation with another inmate in September 2007); failure to treat dizziness and headache (caused by faulty ventilation system during period November 2006 through September 2007); failure to treat knee injury (characterized by plaintiff as "possibly tearing several ligaments and/or tendons" and which resulted from plaintiff's fall from upper bunk bed in November 2006); failure to treat further knee injury (resulting from injury in exercise yard in August 2007).

The complaint also alleges acts of retaliation and "sexual harassment" (time period not specified); failure to protect him from unsafe environment (attack by convicted violent

offender in shower in September 2007, resulting in broken tooth mentioned above); limitation to access to legal materials and writing materials (time period not specified); and a claim that he was released "early," in violation of sentencing judge's order, so that his pending habeas petitions would be mooted.

Despite (according to the allegations in the complaint) having filed numerous administrative claims regarding the above complaints while he was in custody in HCCF, plaintiff never filed a federal law suit while in custody, and once released, delayed until he filed the present action.

Plaintiff asserts that he was released on November 24, 2007 with untreated injuries, including a torn knee ligament, damaged lip and gums, loss of teeth and infection, and physical and emotional trauma. It appears that plaintiff may be arguing that the fact that he was released on November 24, 2007 with those injuries means that his complaint, which he argues should have been filed on the date it was received by the court (November 24, 2009), is not time-barred.

The court does not agree. The statute of limitations for § 1983 claims brought in California is the two-year period set forth at California Civil Procedure Code § 335.1. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). In the complaint, plaintiff alleges facts showing that his injuries accrued prior to the date of his release, which occurred on November 24, 2007, two years before the date plaintiff's complaint arrived at the court.

Plaintiff knew or had reason to know of the injuries that were the basis of his constitutional claims before November 24, 2007. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.1999) (holding that § 1983 claim accrues when plaintiff knows or has reason to know of injury). As to each claim asserted in the complaint, plaintiff alleges that he either initiated the inmate appeal process, or filed a petition for writ of habeas corpus. As he does not contend that his rights were violated on November 24, 2007, or later, the claims are time-barred.[1]

---

[1] The claim that plaintiff was released "early" does not state a claim of violation of his constitutional rights.

Nor has plaintiff alleged any facts showing that he is entitled to equitable tolling of the statute of limitations. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999) (citing Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir.1996)).

In view of the fact that the complaint was received by the court on November 24, 2009, the court will permit plaintiff to amend the complaint to allege facts showing that equitable tolling is warranted. The amended complaint shall be filed no later than February 19, 2010.

**IT IS SO ORDERED.**

Dated: January 20, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

4