1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12

JAMES A. JENKINS,

        Plaintiff,

        v.

HUMBOLDT COUNTY, H.C.C.F., et al.,

        Defendants.

_____/

No. C 09-5899 PJH

**ORDER**

13
14
15
16
17

      Plaintiff filed the above-entitled action on December 16, 2009, and also filed a request for leave to proceed in forma pauperis ("IFP").  On December 23, 2009, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), on the ground that the statute of limitations had run before plaintiff filed the complaint.  Also on December 23, 2009, the court entered judgment.

18
19
20

      On January 20, 2010, for reasons stated in the court's order of that date, the court vacated the judgment and granted plaintiff's request for leave to file an amended complaint. The first amended complaint ("FAC") was filed on February 18, 2010.

21
22
23
24
25

      The court has reviewed the FAC, and finds that the allegations are adequate to place defendants on notice that plaintiff intends to assert that the running of the limitations period should be equitably tolled.  Nevertheless, the court finds that the FAC is deficient in other respects, and must be dismissed pursuant to 28 U.S.C. § 1915(e), for failure to state a claim.

26
27
28

      The FAC alleges claims of constitutional violations under 42 U.S.C. § 1983, all based on events that occurred during the period between July 21, 2006, and November 24, 2007, while plaintiff was in custody at the Humboldt County Correctional Facility ("HCCF"),

**United States District Court**
For the Northern District of California

1   serving a sentence for possession of a controlled substance and possession of drug

2   paraphernalia.

3        Named as defendants are the County of Humboldt; HCCF, Humboldt County Sheriff

4   Gary Philp; two Humboldt County Sheriff's Officers – Captain Wilkinson and Lt. Figas;

5   seven correctional officers at the HCCF – Officers Herschberger, Garcia, Nunneman, Potts,

6   Hale, Binge, and Kennan; Medical Program Director Jeanne Knoch; Nurse Practitioner Iver

7   Lien; and three physicians – Drs. Phong, Hetchinova, and Burleson.

8        The facts alleged in the FAC primarily relate to assertions of substandard medical

9   care – failure to provide adequate dental care (repair of missing filling in tooth in October

10  2006, and repair of broken tooth resulting from altercation with another inmate in

11  September 2007); failure to treat dizziness and headache (caused by faulty ventilation

12  system during period November 2006 through September 2007); failure to treat knee injury

13  (characterized by plaintiff as "possibly tearing several ligaments and/or tendons" and which

14  resulted from plaintiff's fall from upper bunk bed in November 2006); failure to treat further

15  knee injury (resulting from injury in exercise yard in August 2007).

16       The FAC also alleges acts of retaliation and "sexual harassment" (time period not

17  specified); failure to protect him from unsafe environment (attack by convicted violent

18  offender in shower in September 2007, resulting in broken tooth mentioned above);

19  limitation to access to legal materials and writing materials (time period not specified); and

20  a claim that he was released "early," in violation of sentencing judge's order, so that his

21  pending habeas petitions would be mooted.

22       Plaintiff alleges six causes of action under § 1983.  The first four causes of action,

23  which are asserted against "all defendants," allege violations of plaintiff's first, fourth,

24  eighth, and fourteenth amendment rights, based on "intimidation, abuse, harassment,

25  negligence, indifference, lack of duty of care, and/or other violations of law," and also based

26  on "failure to supervise and/oversee and check other defendants' violations of plaintiff's

27  rights."  FAC ¶¶ 148, 149, 162, 163, 176, 177, 190, 191.

28       These four causes of action do not state a claim because plaintiff pleads no facts

**United States District Court**
For the Northern District of California

1    showing which defendants violated which specific constitutional rights, and pleads no facts

2    from which defendants would be able to understand which specific acts are alleged to have

3    violated plaintiff's first, fourth, eighth, or fourteenth Amendment rights.  A defendant cannot

4    be liable under § 1983 unless that defendant's actions caused the alleged violation.  See

5    Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999).  Vague and

6    conclusory allegations of official participation in civil rights violations are insufficient to

7    withstand a motion to dismiss.  Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d,

8    266, 268 (9th Cir.1982).  This is especially true in the wake of the United States' Supreme

9    Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v.

10   Iqbal, 129 S.Ct. 1937 (2009).

11        Plaintiff does include a 22-page statement of facts in the FAC, in which he details

12   the incidents that form the basis of his claims.  However, it is not the court's job (or the job

13   of defendants) to pore through a lengthy compilation of factual allegations and attempt to

14   match up the facts pled with the legal claims asserted.  Plaintiff must clarify, for example,

15   which of these alleged facts support his claim that his first amendment rights were violated,

16   and must clarify each defendant's involvement in that specific constitutional violation.  He

17   must do this for each of the first four causes of action.

18        The fifth cause of action asserts a claim of municipal liability against defendants

19   Humboldt County and HCCF; and the sixth cause of action asserts a claim of supervisorial

20   liability for violations of plaintiff's constitutional rights, against defendants Humboldt County,

21   HCCF, Sheriff Philp, Captain Wilkinson, Lt. Figas, and Medical Program Director Jeanne

22   Koch.

23        Local governments are "persons" subject to liability under § 1983 where official

24   policy or custom causes a constitutional tort.  Monell v. Dep't of Social Servs., 436 U.S.

25   658, 690 (1978).  A local government may not be held vicariously liable under § 1983 for

26   "an injury inflicted solely by its employees or agents," but a municipality may be liable

27   "when execution of a government's policy or custom, whether made by its lawmakers or by

28   those whose edicts or acts may fairly be said to represent official policy, inflicts the injury

3

1    that the government as an entity is responsible under § 1983." Id. at 694.

2         To state a claim for municipal liability under § 1983 for a violation of constitutional

3    rights, a plaintiff must allege facts showing that he possessed a constitutional right of which

4    he was deprived; that the municipality had a policy; that this policy amounts to deliberate

5    indifference to the plaintiff's constitutional rights; and that the policy is the moving force

6    behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill,

7    130 F.3d 432, 438 (9th Cir. 1997).

8         Prior to the U.S. Supreme Court's decisions in Twombly and Iqbal, a claim of

9    municipal liability based on nothing more than a bare allegation that the individual officers'

10   conduct conformed to official policy, custom, or practice was sufficient to state a claim.

11   See, e.g., Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007).  However, the Supreme

12   Court has now made clear that conclusory, "threadbare" allegations that merely recite the

13   elements of a cause of action will not withstand a motion to dismiss.  Iqbal, 129 S.Ct. at

14   1949-50.

15        Here, the fifth cause of action asserts that "[a]t the time of the harm inflicted on

16   plaintiff by [all individual defendants], defendants Humboldt County and H.C.C.F had

17   ratified and in place, policies, procedures, customs, and practices which permitted [all

18   individual defendants] to engage in unjustified, unconstitutional conduct."  FAC ¶ 204.

19   Plaintiff alleges further that "[s]aid policies, procedures, customs and practices called for

20   defendants Humboldt County and H.C.C.F. not to investigate, discipline, prosecute or in

21   any way take corrective or responsive action to known incidents and/or complaints of the

22   unjustified, unconstitutional and unlawful conduct," and "called for defendants Humboldt

23   County and H.C.C.F. to officially claim that unjustified, unconstitutional and unlawful

24   conduct was justified and permissible."  FAC ¶¶ 205-206.

25        While the FAC does plead a "threadbare" claim of an unlawful policy or practice,

26   plaintiff does not state what that policy or practice was – other than a policy or practice of

27   permitting the individual defendants to engage in unlawful conduct, and a policy or practice

28   of not investigating or prosecuting defendants when they did engage in unlawful conduct.

4

United States District Court

For the Northern District of California

1    These allegations are not sufficient to support a plausible claim that the alleged

2    constitutional violations were the result of either a "formal governmental policy or a

3    longstanding practice or custom which constitutes the 'standard operating procedure' of the

4    local governmental entity," Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992)

5    (quotation and citation omitted), as plaintiff has not identified a specific, official, policy or

6    practice that caused the constitutional violations of which he complains (and which are also

7    not clearly articulated).

8          Where a complaint pleads facts that are merely consistent with a defendant's

9    liability, it stops short of the line between possibility and plausibility of entitlement to relief."

10   Iqbal, 129 S.Ct. at 1949 (quotation and citation omitted).  Pleadings that are no more than

11   conclusions, "are not entitled to the assumption of truth."  Id. at 1950.  Legal conclusions

12   must be supported by factual allegations.  Id.; see also Funez ex rel. Funez v. Guzman, __

13   F.Supp.2d __, 2009 WL 5064982 at *8 (D. Or., Dec.15, 2009) (dismissing Monell claim on

14   ground that complaint failed to identify specific policy or custom); Wilson v. City of Fresno,

15   2009 WL 3233879 at *9-10 (E.D. Cal., Oct. 2, 2009) (dismissing Monell claim on ground

16   that complaint identified no policy "with particularity to connect the . . . execution of such

17   policy" to the alleged constitutional deprivation); Young v. City of Visalia, __ F.Supp. 2d __,

18   2009 WL 2567847 at *6-7 (E.D. Cal., Aug. 18, 2009) (dismissing Monell claim because of

19   failure to allege "plausible" claim).  Thus, the fifth cause of action must be dismissed.

20         The sixth cause of action alleges that defendants Humboldt County, HCCF, Sheriff

21   Philp, Captain Wilkinson, Lt. Figas, and Medical Program Director Knoch "failed to

22   adequately train, supervise, discipline, or in any other way control all subordinate defendant

23   in the exercise of their respective duties," FAC ¶ 213; "knowingly and deliberately fostered,

24   maintained and condoned policies, practices and customs, or otherwise acted in a manner

25   that was deliberately indifferent to the plaintiff's constitutional rights, and such policies,

26   practices and customs and/or actions were a direct cause of the violations of plaintiff's

27   constitutional rights, FAC ¶ 214; and "tolerated, encouraged and condoned misconduct of

28   all subordinate defendants in terms of their respective duties by consciously ignoring,

<div style="writing-mode: vertical-lr">**United States District Court**
For the Northern District of California</div>

1  turning a blind eye and overlooking the misconduct, FAC ¶ 215.

2      These allegations are similar to the allegations considered by the Supreme Court in

3  Iqbal.  The plaintiff in that case alleged that defendants "knew of, condoned, and wilfully

4  and maliciously agreed to subject [him] to harsh conditions of confinement 'as a matter of

5  policy, solely on account of [his] religion, race, and/or national origin and for no legitimate

6  penological interest.'" Iqbal, 129 S.Ct. at 1951.  Adding more detail than plaintiff has in the

7  present case, the plaintiff in Iqbal further alleged that one of the defendants was the

8  "principal architect" of the discriminatory policy and that the other was "instrumental" in

9  adopting and executing the policy.  Id.  Nevertheless, the Supreme Court held that "[t]hese

10 bare assertions, much like the pleading of conspiracy in Twombly, amount to nothing more

11 than a 'formulaic recitation of the elements' of a constitutional discrimination claim[.]"  Id.

12 "As such," the Supreme Court explained, "the allegations are conclusory and not entitled to

13 be assumed true."  Id.

14     A plaintiff must plead that each Government-official defendant, through the official's

15 own individual actions, has violated the Constitution."  Id. at 1948.  Liability cannot be

16 imposed on any defendants for violations arising from their supervisory responsibilities

17 unless those defendants themselves took actions that violated the Constitution.  Id. at

18 1948-49.  Thus, the sixth cause of action must be dismissed as well.

19     In accordance with the foregoing, the FAC is DISMISSED pursuant to 28 U.S.C.

20 § 1915(e).  The dismissal is with leave to amend.  Any amended complaint must be filed no

21 later than April 30, 2010.  In the alternative, plaintiff can proceed with the FAC if he

22 withdraws his request to proceed IFP, pays the filing fee, and serves the summons and

23 complaint on defendants in accordance with Federal Rule of Civil Procedure 4.

24

25 **IT IS SO ORDERED.**

26 Dated: March 29, 2010

27                                                          PHYLLIS J. HAMILTON
                                                           United States District Judge
28

6